## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

JAMES E. COBBLE,                          )
    Plaintiff/Appellant             )
                                    )
VS.                                       )     Appeal No. 01-A-01-9803-CV-00169
                                    )     Rutherford Circuit No. 34585
IVAN E. SHEWMAKE and                      )
RICHARD SMITH, JR.,                       )
    Defendants/Appellees            )
_____           )
                                    )     **(CONSOLIDATED APPEALS)**
CHARLES F. JOHNSON,                       )
    Plaintiff/Appellant             )
                                    )
VS.                                       )     Appeal No. 01-A-01-9803-CV-00170
                                    )     Rutherford Circuit No. 34561
IVAN E. SHEWMAKE and                      )
RICHARD SMITH, JR.,                       )
    Defendants/Appellees            )
_____           )

**FILED**

May 13, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

WM. KENNERLY BURGER, BPR #3731
Attorney for Plaintiffs/Appellants
SunTrust Bank Building, Suite 306
201 E. Main Street, P.O. Box 1969
Murfreesboro, TN   37133-1969
615-893-8933

DAVID L. GOAD
Attorney for Plaintiffs/Appellants
P.O. Box 206
Murfreesboro, TN   37133-0206
615-233-5585

JOHN KNOX WALKUP
For Defendants/Appellees

JOHN KNOX WALKUP
Attorney General & Reporter

MICHAEL E. MOORE
Solicitor General
For Defendants/Appellees

MERIDITH DEVAULT, BPR #9157
Senior Counsel
425 Fifth Avenue North
Nashville, TN 37243
615-741-6819

## OPINION

It appearing to this Court from the Judgement of the Trial Court pursuant to Rule 10A[1] of the Court of Appeals, that the Plaintiffs/Appellants appealed from the Judgement of the Trial Court granting the Defendant/Appellees Motion for Summary Judgement after finding that there was an absence of disputed material facts and therefore, no genuine issues for the Trial Court to decide, 847 S.W.2d 208, 214 (Tenn 1993). The parties entitled to Summary Judgement when both the facts and the conclusion to be drawn from the facts are so certain that a reasonable in the exercise of a free and impartial judgment can reach only one conclusion. Haga vs. Blanc and West Lumber Company, 666 S.W. 2d 61, 65 (Tenn 1984).

Following the Trial Court's granting the Motion for Summary Judgement, the Plaintiffs sought to supplement their responses to Defendants' Motion for Summary Judgement by relying on the depositions of Connie Qualls and Bill Reynolds, however these depositions were never before the Trial Court and were not submitted in response to Defendants' Motion for Summary Judgement. These depositions were not filed until after the Trial Court found Summary Judgement for Defendants and Dismissed the Complaint. Plaintiffs also rely on the deposition of Ivan Shewmake, which was taken before Mr. Shewmake was a Defendant in this case. The deposition they seek to rely on was taken in another case brought by a separate Plaintiff against a separate Defendant. However, Plaintiffs did not submit this deposition in response to Defendants' Motion for Summary Judgement. The deposition they seek to rely on is absent from the record and absent from Plaintiffs' response, including Motion for Summary Judgement. However, even if considered, there is nothing in this deposition to establish that either of the Plaintiffs suffered serious or emotional distress as required under Tennessee law in intentional infliction of emotional distress matters or that their damages should be presumed under these circumstances. This Court is prohibited from considering facts outside the record. We find no citations to any page numbers in the record as required by the Tennessee Rules of Civil Procedure #27(g) in any of the facts in Plaintiffs' Brief. The depositions relied upon by the Plaintiffs are outside the record. Plaintiffs failed to produce any evidence of any serious severe emotional distress, which was an essential element of the tort of intentional infliction of emotional distress, absent proof of this element of the claim precludes the claim going forward as a matter of law, Camper v. Miner, 915 S.W.2nd 437 (Tenn 1996).

We have completed a review of this record, and have concluded that the Trial Court correctly found the facts in this case and that there was no error of law.

We therefore affirm pursuant to Rule 10A[1] of the Court of Appeals.

_____
Samuel L. Lewis J.


_____
Houston Goddard, P.J.


Don McMurry, Judge
Did not participate


[1]Rule 10(a) of the Rules of the Court of Appeals provides:

The Court, with the concurrence of all judges participating in the case, may affirm the action of the trial court by order without rendering a formal opinion when an opinion would have no precedential value and one or more of the following circumstances exist and are dispositive of the appeal:

  1) The Court concurs in the facts as found or as found by necessary implication by the trial court.

  2) there is material evidence to support the verdict of the jury.

  3) no reversible error of law appears.

Such cases may be affirmed as follows: Affirmed in accordance with the Court of Appeals Rule 10(a).